IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Action No.  81-CR-209

UNITED STATES OF AMERICA,

Plaintiff,

v.

LANNIE DEAN MCKAY,

Defendant.

---

**ORDER DENYING REQUEST FOR
EXPUNGEMENT**

---

**Blackburn, J.**

The matter is before me for consideration and resolution of the motion for

expunction of criminal records[1] filed December 8, 2003, by the defendant pro se.

Although inexplicit, in deference to a pro se litigant, I liberally construe his motion to

request expunction of records of his arrest and conviction. I accept as true the

defendant's averment of fact that it has been some 21 years since he was sentenced.

The defendant seeks expunction based on his understanding that completion of his

sentence followed by seven years of law abiding behavior entitles him to expunction as

a matter of law.[2] I deny the motion.

---

[1]     Filed improperly in correspondence form, see **D.C.COLO.LCrR 49.3**, as an
"Expungement on Docket #81-CR-209-1 Dated March 29, 1982."

[2]     The defendant does not support his assumption with legal authority.

United States District Courts have ancillary jurisdiction to expunge criminal records.[3] However, exercise of ancillary jurisdiction to expunge is limited sedulously to expunction of the record of an unlawful arrest or unlawful conviction.[4] Because the defendant alleges neither, he is not entitled to consideration for expunction.

THEREFORE, IT IS ORDERED that the motion for expungement filed December 8, 2003, by the defendant IS DENIED.

Dated this 7th day of January, 2004, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge

---

[3]      See *United States v. Sumner*, 226 F.3d 1005, 1014 (9th Cir. 2000); *cf. United States v. Linn*, 513 F.2d 925, 927 (10th Cir. 1975).

[4]      *Sumner, supra.*